1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name BARNETT      Michael      W
      (Last)          (First)        (Initial)

3  Prisoner Number  P07058

4  Institutional Address P.O. Box 2500  G-324

5  Vacaville, Calif. 95696-2500 Calif. Medical Facility

6  ================================================

7  **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8  Michael W. Barnett
(Enter the full name of plaintiff in this action.)

**CV 08 4120 JF**

9            vs.

Case No. _____
(To be provided by the clerk of court)

10  Michael Knowles, Warden

11                          **PETITION FOR A WRIT
OF HABEAS CORPUS**

12

13                          **E-filing**

14  (Enter the full name of respondent(s) or jailor in this action)

15

16  ================================================
           Read Comments Carefully Before Filling In

17  Underline When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1    <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12       (a)    Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14   Superior Court Santa Clara County    San Jose

15              Court                              Location

16       (b)    Case number, if known  198078

17       (c)    Date and terms of sentence 8-4-98   35 yrs to life

18       (d)    Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)           Yes ✓    No _____

20              Where?

21              Name of Institution: California Medical Facility

22              Address: P.O Box 2500  Vacaville Ca 95696-2500

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   P/c 273.55, 243 subd (d) 1170.12, 667 (A)

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:      Yes ✓   No _____

    Preliminary Hearing:   Yes _____   No _____

    Motion to Suppress:   Yes _____   No _____

4. How did you plead?

    Guilty _____   Not Guilty ✓   Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury ✓   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial?   Yes ✓   No _____

7. Did you have an attorney at the following proceedings:

    (a)  Arraignment   Yes ✓   No _____

    (b)  Preliminary hearing   Yes ✓   No _____

    (c)  Time of plea   Yes ✓   No _____

    (d)  Trial   Yes ✓   No _____

    (e)  Sentencing   Yes ✓   No _____

    (f)  Appeal   Yes ✓   No _____

    (g)  Other post-conviction proceeding   Yes _____   No ✓

8. Did you appeal your conviction?   Yes ✓   No _____

    (a)  If you did, to what court(s) did you appeal?

    Court of Appeal Sixth District   Yes _____   No _____

    Year: 9-27-2000  Result: Denied

    Supreme Court of California   Yes ✓   No _____

    Year: 1-1A-D1  Result: Denied

    Any other court   Yes ✓   No _____

    Year: 3-29-06  Result: Denied due to Statute Limitations
    Federal Court Northren District

    (b)  If you appealed, were the grounds the same as those that you are raising in this

1      petition?           Yes _____    No _√__    ?

2      (c)    Was there an opinion?      Yes _____    No_____

3      (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                          Yes _____    No___√_

5          If you did, give the name of the court and the result:

6     _____

7     _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes _√_    No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16      (a)    If you sought relief in any proceeding other than an appeal, answer the following

17            questions for each proceeding. Attach extra paper if you need more space.

18          I.    Name of Court: Superior Court Santa Clara Co.

19              Type of Proceeding: Habeas Corpus

20              Grounds raised (Be brief but specific):

21              a. Errors of constitutional magnitude

22              b. 245 (A) (1)

23              c._____

24              d._____

25              Result: Denied        Date of Result: ?

26          II.    Name of Court: Sixth Appellate District

27              Type of Proceeding: Habeas Corpus

28              Grounds raised (Be brief but specific): CASE #

                                                       H632085

                                                    Filed 9-24-07

1    a. _SAME AS Above_____

2    b._____

3    c._____

4    d._____

5    Result: _Denied_____ Date of Result: __?__

6  III.  Name of Court: _California Supreme Court_

7    Type of Proceeding: _Habeas Corpus_

8    Grounds raised (Be brief but specific):

9    a. _SAME AS Above_____

10   b._____

11   c._____

12   d._____

13   Result: _Denied_____ Date of Result: _3-23-08_

14 IV.  Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a._____

18   b._____

19   c._____

20   d._____

21   Result: _____ Date of Result:_____

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23    Yes _____    No _X__

24    Name and location of court: _____

25 B. GROUNDS FOR RELIEF

26    State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27 support each claim.  For example, what legal right or privilege were you denied?  What happened?

28 Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

Claim ONE:

Appellate counsel rendered ineffective assistance of counsel by failing to argue that the trial judges finding that petitioners battery with serious bodily injury qualified as a serious felony, violated his Federal constitutional right to jury trial because it was contrary to the jury's finding in count one that the allegation of personal infliction of great bodily injury was not true.

Supporting facts:

Count one alleged corporal injury with a great bodily injury enhancement under section 12022.7(a). Count two alleged battery with serious bodily injury with an allegation of personal infliction of serious bodily injury. The jury convicted on both counts, which pertained to the same assault, while finding the GBI enhancement on count one not true, and the GBI allegation in count two true. At sentencing, the trial judge found count two was a serious felony because petitioner had personally inflicted GBI on count two. Based on that finding, he imposed two five year enhancements under section 667(a) which permits enhancement with serious felony priors only if a new offense is also serious. Appellate counsel argued that the trial judge errored because he withdrew from the jury the option of finding that petitioner inflicted GBI on

Supporting Fact's Con:

count two. Appellate counsel did not argue the meritorious ground that finding infliction of GBI on count two when the jury had found the allegation not true as to count one, based on the same conduct as count two, denied petitioner his federal constitutional right to jury trial.

Supporting Cases:
Sixth Amendment rights to jury trial and assistance of counsel and Fourteenth Amendment right to Due Process; Evitts v Lucey (1985) 469 U.S. 387; People v. Taylor (2004) 118 Cal App. 4th 11, 28-30, Evitts v. Lucey Establishes a federal due process right to effective assistance of counsel where a state grants a appeal of a criminal conviction; Taylor holds a judge can't find GBI where the jury has found it not true

Ground Two (2).
Trial counsel rendered ineffective assistance of counsel by failing to object to evidence necessary to prove that his 245 prior involved personal use, and was thus a strike and serious felony prior, on grounds that the evidence was outside the record of conviction. Alternatively, appellate counsel rendered ineffective assistance by not raising the issue in

Ground Two   Con:
the Absence of an objection because an objection
would have been futile.

Supporting facts:
A prior conviction of section 245 (A)(1) was alleged as
both a strike and 667 (A) prior. At the time of
petitioners offense, the prosecution had to prove
infliction of G.B.I. or personal use of a weapon to
qualify a 245 (A)(1) was either a strike or serious
felony prior. At the trial of the prior conviction
allegation, the prosecution introduced a probation
report and the testimony of the probation officer
who prepared the report that petitioner had admitted
the use of a Knife or screwdriver in the commission
of the 245. Trial counsel objected on grounds of
hearsay and Miranda, but not on the basis that the
evidence was outside the record of conviction that
may be considered in ascertaining the nature of a
prior conviction. Appellate counsel did not raise on
appeal the issue of whether the evidence was
outside the record of conviction, either directly
on the ground that the objection would have been
futile in the trial court due to an adverse Court
of Appeal decision, or as an on the record
ineffective assistance claim.

Supporting Cases on Ground Two:

Sixth Amendment right to effective assistance of trial counsel. Fourteenth Amendment due process right to effective assistance of appellate counsel in a state appeal given criminal defendants as a matter of right: People V Trujillo (2006) 40 Cal. 4th 165. holds that a defendants admission at a probation interview does not come within the "record of conviction" that may be considered by a fact finder at the trial of a prior conviction allegation to prove the nature of the prior.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____

5    _____

6    _____

7    Do you have an attorney for this petition?                Yes_____    No_X̲_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _8-24-08_                    _Michael W Barnett_

14            Date                            Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS            -10-

# CERTIFICATE OF SERVICE

Case Name: _Barnett_ v. _Knowles_

Case No.: _____

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the _Habeas Corpus_
(Name of document you are filing (i.e., opening brief, motion, etc.)
and any attachments was served, either in person or by mail, on the persons listed below.

_Michael Barnett_
**Signature**
Notary NOT required

| Name | Address | Date Served |
|------|---------|-------------|
| Attorney General Office | 455 Golden Gate Ave 11000 San Francisco, CA. 94102-3664 | 8-24-08 |
| Ninth District Court of appeals | 95 Seventh Street San Francisco, CA. 94102 | |

# EXHIBIT COVER PAGE

<div style="border:1px solid">

**EXHIBIT**
</div>

## DESCRIPTION OF THIS EXHIBIT:

## NUMBER OF PAGES TO THIS EXHIBIT: ___24___ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☒ State Supreme

☒ United States District Court

☒ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

S157667

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re MICHAEL W. BARNETT on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR 23 2008

Frederick K. Ohlrich Clerk

---

Deputy

**WERDEGAR**

---

Acting Chief Justice

Name  Michael W. Barnett

Address  Lancaster State Prison

P.O.Box 4670    INF#14

Lancaster, Calif. 93539-4670

CDC or ID Number  P07058

MC-275

SUPREME COURT
FILED

OCT 29 2007

Frederick K. Ohlrich Clerk

Deputy

California Supreme Court

(Court)

Michael W. Barnett

Petitioner

vs.

Ernie Rice, Warden

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

# S157667

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60.31

American LegalNet, Inc.
www.USCourtForms.com

| | | | |
|---|---|---|---|
| ☑ A conviction | | ☐ Parole | |
| ☐ A sentence | | ☐ Credits | |
| ☐ Jail or prison conditions | | ☐ Prison discipline | |
| ☐ Other *(specify)*: | | | |

1. Your name: Michael W. Barnett

2. Where are you incarcerated? California State Prison, Los Angeles County

3. Why are you in custody?   ☑  Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      Ct. 1: infliction of corporal injury on mother of child with prior; Ct 2: battery with serious bodily injury; two strike priors, two serious felony priors

   b. Penal or other code sections: Sections 273.55, 243, subd. (d); 1170.12, 667(a)

   c. Name and location of sentencing or committing court: Santa Clara County Superior Court, San Jose, CA

   d. Case number: 198078

   e. Date convicted or committed:

   f. Date sentenced: August 4, 1998

   g. Length of sentence: 25 years to life, consecutive to 10 years

   h. When do you expect to be released? Not eligible for parole for at least 20 years

   i. Were you represented by counsel in the trial court?   ☑ Yes.   ☐ No. If yes, state the attorney's name and address:

      Carl Beatty, Deputy Public Defender, 120 Mission Street, San Jose, CA 95110

4. What was the LAST plea you entered? *(check one)*

   ☑ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

   ☑ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

MC–275

6. *GROUNDS FOR RELIEF~

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Appellate counsel rendered ineffective assistance of counsel by failing to argue that the trial judge's finding

that petitioner's battery with serious bodily injury qualified as a serious felony violated his federal constitu-

tional right to jury trial because it was contrary to the jury's finding in count one that the allegation of person

al infliction of great bodily injury was not true

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Count one alleged corporal injury with a great bodily injury enhancement under section 12022.7(d).Count

two alleged battery with serious bodily injury with an allegation of personal infliction of serious bodily in

jury. The jury convicted on both counts, which pertained to the same assault, while finding the GBI enhan

cement on count one not true, and the sbi allegation in count two true. At sentencing, the trial judge found

count two was a serious felony because petitioner had personally inflicted gbi on count two. Based on that

finding, he imposed two five year enhancements under section 667(a), which permits enhancement with

serious felony priors only if a new offense is also serious. Appellate counsel argued that the trial judge err

ed because he withdrew from the jury the option of finding that petitioner inflicted gbi on count two. App

ellate counsel did not argue the meritorious ground that finding infliction of gbi on count two when the jur

had found the allegation not true as to count one, based on the same conduct as count two, denied petition

er his federal constitutional right to jury trial.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Sixth Amendment rights to jury trial and assistance of counsel and Fourteenth Amendment right to Due

Process; Evitts v. Lucey (1985) 469 U.S. 387; People v. Taylor (2004) 118 Cal.App.4th 11, 28-30. Evitts

v. Lucey establishes a federal due process right to effective assistance of counsel where a state grants a

appeal of a criminal conviction; Taylor holds a judge can't find gbi where the jury has found it not true.

7. **Ground 2 or Ground** _____ *(if applicable):*

<div style="text-align: right;">MC–275</div>

Trial counsel rendered ineffective assistance of counsel by failing to object to evidence necessary to prove that his 245 prior involved personal use, and was thus a stike and serious felony prior, on grounds that the evidenc was outside the record of conviction. Alternatively, appellate counsel rendered ineffective assistance by not raising the issue in the absence of an objection because an objection would have been futile.

a. Supporting facts:

A prior conviction of section 245 (a)(1) was alleged as both a strike and 667(a) prior. At the time of petitio ner's offense, the prosecution had to prove infliction of gbi or personal use of a weapon to qualify a 245(a) (1) was either a strike or serious felony prior. At the trial of the prior conviction allegations, the prosecutio introduced a probation report and the testimony of the probation officer who prepared the report that peti tioner had admitted the use of a knife or screwdriver in the commission of the 245. Trial counsel objected on grounds of hearsay and Miranda, but not on the basis that the evidence was outside the record of convic tion that may be considered in ascertaining the nature of a prior conviction. Appellate counsel did not raise on appeal the issue of whether the evidence was outside the record of conviction, either directly on the ground that the objection would have been futile in the trial court due to an adverse Court of Appeal decis ion, or as an on the record ineffective assistance claim.

b. Supporting cases, rules, or other authority:

Sixth Amendment right to effective assistance of trial counsel; Fourteenth Amendment due process right to effective assistance of appellate counsel in a state appeal given criminal defendants as a matter of right; People v Trujillo (2006) 40 Cal. 4th 165, holds that a defendant's admission at a probation interview does not come within the "record of conviction" that may be considered by a factfinder at the trial of a prior conviction allegation to prove the nature of the prior.

MC–275

8. Did you appeal from the conviction, sentence, or commitment?    ☑ Yes.    ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      Court of Appeal, Sixth Appellate District

   b.  Result  Affirmed                                                        c.  Date of decision:  Sept. 27, 2000

   d.  Case number or citation of opinion, if known:  H019013

   e.  Issues raised:  (1)  Admission of prelim testimony violated rights to confrontation and due process.

        (2)  Instruction on evidence of prior domestic violence violated rights to due process and jury trial.

        (3)  Trial judge violated jury trial right by not having jury decide as to count two whether gbi was inflicted

   f.  Were you represented by counsel on appeal?  ☑ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
      Maribeth Halloran, 407 Marin Ave., Mill Valley, CA 94941, in assoc with 6th District Appellate Program

9. Did you seek review in the California Supreme Court?  ☑ Yes  ☐ No.  If yes, give the following information:

   a.  Result  Denied                                                        b.  Date of decision:  Jan. 10, 2001.

   c.  Case number or citation of opinion, if known:  S092764

   d.  Issues raised:  (1)  same as above

        (2) _____

        (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   Appellate counsel rendered ineffective assistance by failing to raise the issues. In the alternative, trial counsel could not raise issue 2 due to lack of specific objection on the meritorious grounds by trial counsel.

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

      _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☑ Yes. If yes, continue with number 13.    ☐ No. If no, skip to number 15.

MC–275

13. a.  (1) Name of court:  Santa Clara County Superior Court

   (2) Nature of proceeding (for example, "habeas corpus petition"):  habeas petition

   (3) Issues raised: (a)  Relitigation of facts of 245 prior violated Double Jeopardy, was beyond the Statute of

   (b)  Limitations, admission of probation ev violated Miranda, biased judge.

   (4) Result (Attach order or explain why unavailable):  Denied

   (5) Date of decision:  Nov. 6, 2002.

   b.  (1) Name of court:  Court of Appeal, Sixth Appellate District

   (2) Nature of proceeding:  habeas petition

   (3) Issues raised: (a)  same as above

   (b) 

   (4) Result (Attach order or explain why unavailable):  Denied.

   (5) Date of decision:  Feb. 5, 2003.

   c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

   I have only recently received the advice of an attorney alerting me to the claimed grounds for relief.

16. Are you presently represented by counsel?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 

MC 275

PETITION FOR WRIT OF HABEAS CORPUS

SIGNATURE OF PETITIONER

Habeas Petition, *In re Barnett,*

13 (c) (1)     California Supreme Court (S113879)
               Denial on October 15, 2003
               Same grounds as above

    (2)     U.S. District Court, N.D. Cal., 01-20748JIF
               Grounds:    same grounds as above
               Result:     Dismissed at petitioner's request to exhaust unexhausted
                           claims on Oct. 7, 2002

    (3)     California Supreme Court (S125212)
               Denied on May 11, 2005
               Grounds:    Denial of Right to Confront Due to Second Judge reversing
                           Order of First Judge that ordered the state to pay for the
                           witness's transportation

    (4)     U.S. District Court, N.D. Cal., 04-2782
               Grounds:    Claims denied by California Supreme Court in S113879 and
                           S125212.
               Result:     Denied on March 29, 2006, due to Statute of Limitations.

**Additional Allegation:**

Although this is a successive habeas petition, I am entitled to relief because the grounds raised involve errors of constitutional magnitude which led to a trial that was so fundamentally unfair that absent the errors no reasonable judge or jury would have found the 243 (d) conviction to be a serious felony, or the section 245(a)(1) prior conviction to be a strike. (*In re Clark* (1993) 5 Cal.4th 750.)

**Prayer for Relief:**

Petitioner respectfully urges the court to issue a writ of habeas corpus, vacating the finding that the 243 (d) conviction was a serious felony, vacating the resulting two five-year enhancements imposed under section 667(a) without possibility of retrial of those issues in light of the jury verdict that petitioner did not personally inflict GBI, vacating the finding that the section 245(a)(1) qualified as a strike prior, and directing that petitioner be resentenced.

# ACKNOWLEDGEMENT OF MAILING

I   (A) _Michael W. Barnett_ , am a resident of California State Prison-Los Angeles
County (LAC) at Lancaster, County of Los Angeles, California, and I am at least 18 years of age. My
mailing address is California State Prison-Los Angeles County, Facility _IV F_ , Bldg _C.T.C_ ,
Bed _14_ , P. O. Box _4670_ , Lancaster, California 93539.

On (B) _____, 200_7_, I mailed a true and correct copy of the following
document (s); *(YOU DO NOT HAVE TO GO INTO DETAIL ABOUT THE DOCUMENTS)*

_Habeas Corpus Petition_ _____

_____

_____

On each party listed below by placing it in an envelope, with adequate postage or provided, and by
depositing said envelope in a box for the United States Mail at LAC, 44750 60th Street West
Lancaster, California 93536.

This copy is being mailed to (D):   _Appeals Court_
_Sixth Appellate District_

_San Jose, Calif. 95713_

I have mailed additional copies to (D): _Attorney General Office_
_455 Golden Gate Ave Suite 11000_
_San Francisco, CA 94102-3664_

There is regular delivery service by the United States Mail between the above place of mailing and
the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated (E): _____, 20 _07_, at Lancaster, California 93536.

Signed: _____, CDC#: _P07058_ _____

**Revised January 19, 2005**

<table>
<tr><td>LAC MAILROOM ACKNOWLEDGEMENT OF MAILING<br>DATED: _____<br>SIGNED: _____</td></tr>
</table>

1

2

3          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

4              IN AND FOR THE COUNTY OF SANTA CLARA

5                BEFORE HONORABLE RENE NAVARRO

6                      DEPARTMENT NO. 25

7

8   THE PEOPLE OF THE STATE OF CALIFORNIA,    )

9                                             )
        PLAINTIFF,                            )   SENTENCING
10                                            )
        VS.                                   )
11                                            )
    MICHAEL W. BARNETT,                       )   SUPERIOR NO.:
12                                            )   198078
        DEFENDANT.                            )
13  _____    )   **(ENDORSED)**

14                                                **F I L E D**

15                      ---oOo---                    AUG  9 1999

16          REPORTERS  TRANSCRIPT  OF  PROCEEDINGS
                                                  STEPHEN V. LOVE
17              HELD ON AUGUST 4, 1998          _____ DEPUTY

18                      ---oOo---

19

20  A P P E A R A N C E S:

21

22  FOR THE PLAINTIFF:           MATTHEW BRAKER,
                                 DEPUTY DISTRICT ATTORNEY

23  FOR THE DEFENDANT:           CARL BEATTY,
                                 DEPUTY PUBLIC DEFENDER,
24

25  OFFICIAL COURT REPORTER:     JACQUELINE VILLEGAS BARRON
                                 CERTIFICATE NUMBER 8049
26

27

28

SAN JOSE, CALIFORNIA                           AUGUST 4, 1998

                        PROCEEDINGS:

                (WHEREUPON, COURT CONVENED AND THE FOLLOWING
        PROCEEDINGS WERE HAD:)

        THE COURT:  ALL RIGHT.  GOOD MORNING.  WE'RE ON
THE RECORD IN THE MATTER OF PEOPLE VERSUS BARNETT.  THE
RECORD SHOULD REFLECT THE PRESENCE OF MR. BRAKER ON BEHALF
OF THE PEOPLE, MR. BEATTY ON BEHALF OF THE DEFENDANT AND
MS. --

        MS. BANUELOS:  BANUELOS.

        THE COURT:  BANUELOS ON BEHALF OF THE ADULT
PROBATION DEPARTMENT.

        THIS IS THE TIME THAT HAS BEEN SET FOR SENTENCING.
ARE BOTH PARTIES READY TO PROCEED?

        MR. BEATTY:  YES, YOUR HONOR.

        THE COURT:  DO YOU WAIVE FORMAL ARRAIGNMENT FOR
JUDGEMENT AND SENTENCE?

        MR. BEATTY:  YES, YOUR HONOR.

        THE COURT:  ANY REASON WHY JUDGMENT CANNOT NOW BE
PRONOUNCED?

        MR. BEATTY:  NONE.

        THE COURT:  ALL RIGHT.  MR. BEATTY.

        MR. BEATTY:  YOUR HONOR, AT FIRST I WOULD LIKE TO
ADDRESS A COUPLE OF THE ISSUES WE DISCUSSED AT THE LAST
SESSION BEFORE THE CASE WAS CONTINUED.

        IT'S MY CONTENTION THAT MR. BARNETT IS ENTITLED TO
HIS 4019 TIME BECAUSE 12022.7, THE GREAT BODILY INJURY
ALLEGATION WAS FOUND NOT TRUE.

                                                    2

1      AND I BELIEVE THAT THERE'S A REQUIREMENT THAT THAT

2  HAS TO SPECIFICALLY BE PLED AND PROVEN IN ORDER TO TRIGGER

3  THE PROVISIONS OF 2933.1, WHICH RESTRICTS CREDITS.

4      I DISCUSSED THIS INFORMALLY WITH THE PROBATION

5  OFFICER PRIOR TO THE SESSION THIS MORNING, I BELIEVE SHE'S

6  IN AGREEMENT.

7      SO I WOULD SUBMIT IT ON THAT BASIS.

8      SECONDLY, I WOULD STILL CONTEND THAT IN THIS CASE

9  THE TWO PROP 8 PRIORS DO NOT APPLY, BECAUSE THE JURY

10  SPECIFICALLY FOUND THE GBI ALLEGATION TO BE NOT THE TRUE.

11      I REALIZE THAT THERE IS SOME CASE AUTHORITY IN

12  CALIFORNIA INDICATING THAT THE GREAT BODILY INJURY IS

13  ESSENTIALLY EQUIVALENT TO SERIOUS BODILY INJURY.  BUT I

14  DON'T THINK THERE'S ANY CASE ON POINT WHERE A JURY

15  SPECIFICALLY FOUND GREAT BODILY INJURY TO BE NOT TRUE AND

16  THE COURT WENT AHEAD AND PROCEEDED TO IMPOSE EXTRA TIME

17  UNDER THE PROP 8 FIVE YEAR ENHANCEMENT.

18      MY CONTENTION IS THAT IF GBI AND SERIOUS BODILY

19  INJURY ARE DIFFERENT, THEN THE PROVISIONS OF 1192.7 ARE NOT

20  TRIGGERED AND THE ENHANCEMENTS SHOULD NOT APPLY.

21      IF ALTERNATIVELY, THEY ARE ESSENTIALLY EQUIVALENT,

22  WHICH I BELIEVE IS THE DISTRICT ATTORNEY'S POSITION, THEN I

23  BELIEVE THE JURY VERDICT IS ENTIRELY INCONSISTENT AND IT

24  SHOULD BE EITHER SET ASIDE OR MR. BARNETT SHOULD BE ENTITLED

25  TO A NEW JURY TRIAL.

26      IF THE DISTRICT ATTORNEY IS CONTENDING THAT GREAT

27  BODILY INJURY IS AN ELEMENT OF PENAL CODE SECTION 243, AND

28  IF COUNT ONE AND TWO ARE IN FACT 654, WHICH I BELIEVE -- I

3

1   BELIEVE THEY'RE TO BE A CONSENSUS ON THAT ISSUE.

2           THEN IF THE JURY SPECIFICALLY FOUND GREAT BODILY

3   INJURY NOT TO BE TRUE, THEY FOUND AN ELEMENT OF THE OFFENSE

4   NOT TO BE TRUE.  AND, THEREFORE, A 243 WAS NOT SUFFICIENTLY

5   PROVEN AND THE VERDICTS SHOULD BE SET ASIDE.

6           SO I WOULD EITHER ASK THE COURT TO GRANT MR.

7   BARNETT A NEW TRIAL, OR IN THE ALTERNATIVE, NOT TO IMPOSE

8   THE TWO ENHANCEMENTS UNDER PROP 8.  AND THEN, YOUR HONOR,

9   THAT COVERS THE LEGAL ARGUMENT.

10          I'D LIKE TO ADDRESS SOME ROMERO ISSUES PERHAPS

11  AFTER THE DISTRICT ATTORNEY HAS A CHANCE TO RESPOND TO ANY

12  INITIAL COMMENTS.

13          THE COURT:  ALL RIGHT.  MR. BRAKER.

14          MR. BRAKER:  THANK YOU.

15          I'VE PRESENTED THE COURT AND COUNSEL WITH A COPY

16  OF THE CASE OF PEOPLE VERSUS MOORE, M-O-O-R-E, 10 CAL. APP.

17  4TH, 1868 IN WHICH THE COURT STATES THE FOLLOWING:

18              "IN THE PUBLISHED PORTION OF THIS OPINION, WE

19              DETERMINE THAT A FELONY BATTERY COMMITTED BY MEANS

20              OF SERIOUS BODILY INJURY, PENAL CODE SECTION

21              243(D) MAY BE USED TO ENHANCE A SENTENCE UNDER THE

22              SERIOUS FELONY PROVISIONS OF PENAL CODE SECTION

23              667(A), BECAUSE THE TERM SERIOUS BODILY INJURY IS

24              ESSENTIALLY EQUIVALENT TO AND SYNONYMOUS WITH THE

25              TERM GREAT BODILY INJURY AS REQUIRED BY PENAL CODE

26              SECTION 1192.6(C)8."

27          I HAVE SHEPARDIZED THIS CASE AND REVIEW WAS DENIED

28  ON MARCH 10, '93.

                                                    4

1    AND FOR THOSE REASONS I WOULD ASK THE COURT TO

2    IMPOSE THE TEN YEARS AS REQUIRED, SINCE THEY WERE ALLEGED AS

3    PROP 8 PRIORS.

4    WITH RESPECT TO THE CREDITS, I THINK THAT'S A

5    LITTLE BIT OF A SEPARATE ISSUE.

6    2933.1 STATES, YOU'RE ENTITLED TO 15 PERCENT

7    CREDITS IF IT'S ONE OF THE OFFENSES ENUMERATED IN 667.5.

8    AND IN THAT SECTION IT DOES STATE, NO FELONY IN WHICH THE

9    DEFENDANT INFLICTS GREAT BODILY INJURY ON ANY PERSON OTHER

10   THAN ACCOMPLISHED WHICH HAS BEEN CHARGED AND PROVED PROVIDED

11   FOR IN SECTION 12022.7.

12   NOW, HERE IT WAS NOT CHARGED AND PROVEN UNDER

13   12022.7, SO I WOULD CONCEDE THAT THERE IS A WAY THE COURT

14   COULD FOLLOW THAT LAW AND NOT -- AND GIVE THE DEFENDANT HIS

15   20 PERCENT CREDITS.

16   BUT I WOULD ASK THE COURT TO FOLLOW THE LOGIC OF

17   PEOPLE VERSUS MOORE.  AND SINCE THE TERMS ARE ESSENTIALLY

18   THE SAME AND IT SAYS HERE, THAT THE PERSON HAS PERSONALLY

19   INFLICTED GBI, AND THAT HAS BEEN PLED AND PROVEN THAT HE'S

20   ONLY ENTITLED TO 15 PERCENT CREDITS.

21   THE COURT:  ALL RIGHT.  THANK YOU.

22   MS. BANUELOS, ON BEHALF OF THE ADULT PROBATION

23   DEPARTMENT, ANY COMMENTS FROM PROBATION.

24   MS. BANUELOS:  I'M SORRY?  I DIDN'T HEAR THE LAST

25   PART.

26   THE COURT:  ANY COMMENTS OR OBSERVATIONS?

27   MS. BANUELOS:  I THINK MR. BEATTY ACCURATELY

28   REPRESENTED OUR POSITION, BECAUSE THE 12022.7 ALLEGATION WAS

5

1   FOUND TO BE NOT TRUE, THAT IT DOESN'T COME WITHIN THE LAW
2   WHICH REQUIRES THE 2933.1 CREDITS AND THAT 4019 DOES APPLY.
3           THE COURT:  THANK YOU.
4           ANYTHING FURTHER THEN, MR. BEATTY, ON THAT ISSUE?
5           MR. BEATTY:  NOT ON THOSE TWO ISSUES.
6           THE COURT:  DO YOU WISH TO THEN CONTINUE WITH
7   RESPECT TO ORAL ROMERO AT THIS TIME?
8           MR. BEATTY:  YES, YOUR HONOR.
9           YOUR HONOR, AT THIS TIME I WOULD ASK THE COURT TO
10  SERIOUSLY CONSIDER STRIKING AT LEAST ONE OF THE PRIORS
11  PURSUANT TO PEOPLE VERSUS ROMERO AND PEOPLE VERSUS
12  WILLIAMS.
13          I WOULD JUST -- THE COURT IS QUITE FAMILIAR WITH
14  THIS CASE, HAVING PRESIDED OVER THE TRIAL AND HAVING
15  REVIEWED MY CLIENT'S LETTERS TO THE COURT, AS WELL AS
16  REVIEWED HIS CERTIFICATES AND ALSO IS FAMILIAR WITH THE
17  VICTIM'S STATEMENT.
18          I THINK IT'S QUITE CLEAR IN BOTH THE LETTER MY
19  CLIENT HAS WRITTEN TO THE COURT THAT HE HAS EXPRESSED SOME
20  EXTREME REMORSE, EVEN DURING THE TRIAL, DURING HIS TESTIMONY
21  WHEN HE WAS RELAYING THE INCIDENT AND DISCUSSING HIS WIFE'S
22  INJURY, HE BROKE DOWN AND STARTED CRYING.
23          I THINK THERE'S NO QUESTION IN ANYBODY'S MIND,
24  EVEN IF YOU ASSUME HE USED POOR JUDGMENT, AND EVEN IF YOU
25  ASSUME HE LOST HIS TEMPER, I DON'T THINK THERE'S ANY
26  QUESTION IN ANYBODY'S MIND THAT HE WAS VERY SORRY ABOUT WHAT
27  HAPPENED, VERY SORRY ABOUT THE INJURY THAT HIS WIFE
28  SUSTAINED.

6

1    AND EVEN SUE GIBBS, MY CLIENT'S WIFE, MADE A

2  STATEMENT TO THE PROBATION OFFICER INDICATING THAT SHE DID

3  NOT WISH THIS COURT TO IMPOSE SUCH A STRINGENT SENTENCE, A

4  SENTENCE OF 25 YEARS TO LIFE OR AN INDETERMINATE SENTENCE OF

5  THAT NATURE.

6    SHE DIDN'T SPECIFICALLY STATE HOW MUCH TIME SHE

7  WANTED, AND OBVIOUSLY SHE'S NOT CURRENTLY ON GOOD TERMS WITH

8  MY CLIENT.  BUT I THINK THE COURT SHOULD TAKE INTO CAREFUL

9  CONSIDERATION THE WISHES OF THE VICTIM, WHICH IS WHY WE WENT

10  THROUGH THE ENTIRE PROCEEDING IS TO CERTAINLY PROTECT HER.

11    I'D ALSO LIKE TO POINT OUT TO THE COURT, AS THE

12  COURT IS PROBABLY ALREADY AWARE, THAT MR. BARNETT HAS GONE

13  TEN YEARS WITHOUT ANY SORT OF FELONY CONVICTION.  BOTH OF

14  HIS PRIORS INVOLVED CONDUCT FROM APPROXIMATELY TWO DECADES

15  AGO.  ONE IS FROM 1979 AND ONE IS FROM 1982.

16    AND I PARTICULARLY INVITE THE COURT TO TAKE A LOOK

17  AT THE 1979 PRIOR, WHICH MY CLIENT SUFFERED, WHICH I BELIEVE

18  HE WAS 20 OR 21 YEARS OF AGE.  IT WAS A ROBBERY.  BASICALLY

19  A PURSE SNATCH.  DID NOT INVOLVE A WEAPON, DID NOT INVOLVE

20  ANY PERSONAL INJURY. IT WAS COMMITTED, I BELIEVE, WITH A

21  TEENAGE COMPANION.

22    AND SINCE THAT WAS ALMOST 20 YEARS AGO, I WOULD

23  ASK THE COURT TO SERIOUSLY CONSIDER NOT IMPOSING THAT STRIKE

24  PRIOR AND NOT USING IT FOR PURPOSES OF THIS PROCEEDING.

25    THE COURT, UNDER THE WILLIAMS CASE, OF COURSE, IS

26  ALLOWED TO CONSIDER THE SERIOUSNESS OF BOTH THE PRESENT

27  OFFENSE AND THE PRIOR CONVICTION.  AND I WOULD ARGUE THAT A

28  PURSE SNATCH DOES NOT RANK UP THERE, YOU KNOW, WITH OTHER

7

1    FELONIES THAT ARE PERHAPS CONSIDERED VIOLENT IN NATURE.

2              AND I DON'T MEAN TO NECESSARILY EXCUSE THE

3    CONDUCT, BUT A PURSE SNATCH 20 YEARS AGO, I DON'T BELIEVE

4    SHOULD CARRY AS MUCH WEIGHT AS AN OFFENSE INVOLVING WEAPONS

5    OR AN OFFENSE WHERE THERE WAS SOME SORT OF SERIOUS INJURY.

6              THE COURT ALSO HEARD FROM A WITNESS DURING THE

7    COURSE OF THE TRIAL, HIS NAME WAS RUBEN GOMEZ.

8              MY CLIENT HAS WORKED FOR MR. GOMEZ OFF AND ON FOR

9    A PERIOD OF SEVERAL YEARS DOING PAINT AND CONSTRUCTION AND

10   VARIOUS MANUAL LABOR JOBS.  SO I THINK WE HAVE ESTABLISHED

11   THROUGH SWORN TESTIMONY, THAT MR. BARNETT HAS BEEN GAINFULLY

12   EMPLOYED.

13             I WOULD LIKE THE COURT TO ALSO CONSIDER THAT MY

14   CLIENT WAS DOING THE BEST HE COULD UNDER THE CIRCUMSTANCES

15   -- WHEN THIS UNFORTUNATE INCIDENT TRANSPIRED -- TO CARE FOR

16   HIS TWO CHILDREN.  HE WAS TAKING THEM TO SCHOOL.  ANY EXTRA

17   MONEY HE DID RECEIVE FROM JOBS, HE WORKED FOR CASH, HE

18   PASSED ON AT LEAST PART OF IT TO HIS WIFE TO CARE FOR HIS

19   CHILDREN.

20             AND I'D ALSO POINT OUT THAT MR. BARNETT HAS TAKEN

21   EXTENSIVE CLASSES WHILE INCARCERATED FOR THE PAST ALMOST

22   YEAR AND A HALF, CLASSES HAVING TO DO WITH DOMESTIC

23   VIOLENCE, CLASSES HAVING TO DO WITH SUBSTANCE ABUSE.

24             AND ALL THE CERTIFICATES AND LETTERS ARE INCLUDED

25   IN THE COURT'S FILE AND IT'S A SUBSTANTIAL NUMBER OF HOURS

26   THAT HE HAS COMPLETED.

27             AND PERHAPS THE DISTRICT ATTORNEY MIGHT ARGUE THAT

28   HE SHOULD HAVE TAKEN THESE CLASSES A LONG TIME AGO, BUT I

1  THINK, NEVER THE LESS, THE COURT SHOULD CONSIDER IT AS A
2  POSITIVE.
3          SO, BASICALLY, I WOULD ASK THE COURT TO CAREFULLY
4  CONSIDER MY CLIENT'S REMORSE; THE FACT THAT HE'S BEEN TEN
5  YEARS WITHOUT A FELONY CONVICTION; THE FACT THAT THE VICTIM
6  DOES NOT WANT HIM SENTENCED UNDER 25 YEARS TO LIFE; THE FACT
7  THAT HE DID HAVE A SUBSTANTIAL PERIOD WHERE HE WAS GAINFULLY
8  EMPLOYED, AND I WOULD ASK THE COURT TO TAKE A LOOK AT
9  STRIKING ONE OR BOTH OF THE PRIORS, IN PARTICULAR THE PRIOR
10 FROM 1979 INVOLVING THE PURSE SNATCHING.
11         THE COURT:  THANK YOU.  MR. BEATTY.
12         MR. BRAKER.
13         MR. BRAKER:  THANK YOU.
14         THE PEOPLE'S POSITION IS THAT THE DEFENDANT IS A
15 LIFE LONG CRIMINAL WITH A CRIMINAL HISTORY DATING BACK
16 NEARLY A QUARTER OF A CENTURY.  HE HAS CRIMES THAT ARE NOT
17 ONLY IN THE STATE OF CALIFORNIA BUT ALSO IN THE STATE OF
18 OREGON.  IT'S A HISTORY WHICH INVOLVES REPEATED ACTS OF
19 VIOLENCE, EVERYTHING FROM STABBING AN INDIVIDUAL NUMEROUS
20 TIMES TO A ROBBERY OF A WOMAN.
21         I TAKE ISSUE WITH COUNSEL'S STATEMENT THAT THAT
22 WASN'T A SERIOUS OFFENSE.  IT WAS A PLANNED PRE-MEDITATED
23 OFFENSE WHICH INVOLVED KNOCKING A WOMAN TO THE GROUND AND
24 THEN STEALING HER PURSE.
25         AND WITH RESPECT TO THE CURRENT OFFENSE, THAT IS
26 ALSO A CRIME INVOLVING VIOLENCE.  THE VICTIM SUFFERED A
27 BROKEN NOSE AND SOME NERVE DAMAGE TO THE EYE.  AND WHEN THE
28 COURT LOOKS AT THE CIRCUMSTANCES OF AGGRAVATION ENUMERATED
9

1   IN RULE 421, IT WILL SEE THAT VIRTUALLY EVERY ONE OF THOSE

2   RELATED TO THE INDIVIDUAL APPLIES TO THIS INDIVIDUAL.  AND

3   SEVERAL OF THOSE RELATING TO THE CRIME APPLY.

4               AND FOR THOSE REASONS THE PEOPLE'S POSITION IS

5   THAT NO STRIKE SHOULD BE STRICKEN AND THE COURT SHOULD

6   IMPOSE 35 YEARS TO LIFE.

7               THE COURT:  ANYTHING FURTHER, MR. BEATTY?

8               MR. BEATTY:  NO, YOUR HONOR.

9               THE COURT:  MATTER STAND SUBMITTED?

10              MR. BRAKER:  YES.

11              MR. BEATTY:  YES, YOUR HONOR.

12              THE COURT:  ALL RIGHT.  THANK YOU.

13              THE COURT HAVING HAD AN OPPORTUNITY TO SIT AS THE

14  TRIAL JUDGE IN THE TRIAL OF THIS MATTER AND TAKING INTO

15  CONSIDERATION THE ORAL COMMENTS THAT HAVE BEEN MADE BY

16  COUNSEL, AND TAKING INTO CONSIDERATION AND EXERCISING IT'S

17  DISCRETION, THE COURT HAS CONSIDERED WHETHER IN LIGHT OF THE

18  NATURE AND CIRCUMSTANCES OF DEFENDANT'S PRESENT FELONY OF

19  WHICH HE STANDS CONVICTED AND PRIOR SERIOUS OR VIOLENT

20  FELONY CONVICTIONS AS BORNE OUT BY HIS PRIOR HISTORY AND THE

21  INDIVIDUAL PARTICULARS OF HIS BACKGROUND AND HIS CHARACTER

22  AND HIS PROSPECTS AS KNOWN TO THE COURT, THE COURT FINDS AND

23  IS OF THE OPINION THAT THE DEFENDANT IS NOT DEEMED OUTSIDE

24  THE SCHEME AND SPIRIT OF THE THREE STRIKES LAW.  AND

25  THEREFORE SHOULD NOT BE TREATED AS THOUGH HE HAD NOT

26  COMMITTED ONE OR MORE SERIOUS VIOLENT FELONIES.

27              MR. BARNETT, YOU OBVIOUSLY HAVE BEEN ENGAGED IN AN

28  ELEVEN YEAR REIGN OF MENTAL AND PHYSICAL ABUSE WITH RESPECT

1 | TO THE VICTIM IN THIS MATTER.

2 | AND ALTHOUGH YOU'VE ENGAGED IN SELF-IMPROVEMENT
3 | PROGRAMS, THAT COMES A LITTLE BIT LATE IN YOUR LIFE.  AND
4 | ALL THOSE PROGRAMS ARE BASICALLY -- HAVE BEEN AS A RESULT OF
5 | YOUR INCARCERATION IN THIS MATTER.

6 | AND THE COURT GIVES VERY LITTLE WEIGHT, IF ANY, TO
7 | THE ARGUMENTS AND THE POINTS THAT HAVE BEEN PUT FORTH BY
8 | COUNSEL FOR THIS COURT TO STRIKE ONE OR EITHER OF THE
9 | STRIKES.  SO THE MOTION UNDER ROMERO WILL BE DENIED AT THIS
10 | TIME.

11 | ANY FURTHER COMMENTS WITH RESPECT TO SENTENCING?
12 | MR. BEATTY:  YOUR HONOR, IS THE COURT ALSO DENYING
13 | THE MOTION FOR A NEW TRIAL?

14 | THE COURT:  I DIDN'T KNOW YOU WERE MAKING A MOTION
15 | FOR A NEW TRIAL.

16 | MR. BEATTY:  WELL, IF THE COURT PLANS TO IMPOSE
17 | THE TEN YEARS WORTH OF PROP 8 PRIORS, THAT WOULD BE MY
18 | REQUEST.

19 | THE COURT:  ALL RIGHT.  MR. BRAKER, DO YOU WISH TO
20 | COMMENT ON THAT?

21 | MR. BRAKER:  I WOULD SUBMIT IT ON THE COMMENTS I
22 | ALREADY MADE AS TO WHAT IS APPROPRIATE.

23 | THE COURT:  ALL RIGHT.  THANK YOU.

24 | THE COURT HAVING AGAIN CONSIDERED THE ORAL
25 | ARGUMENTS OF COUNSEL, THE EVIDENCE THAT'S BEEN ADDUCED IN
26 | THE TRIAL IN THIS MATTER AND THE -- HAVING SAT AS A TRIAL
27 | JUDGE IN THIS MATTER, THE COURTS DEEMS THAT THERE IS
28 | SUFFICIENT EVIDENCE FROM WHICH THE COURT COULD FIND EACH OF

1   THE ELEMENTS OF THE CRIME FOR WHICH THE DEFENDANT WAS FOUND

2   GUILTY OF AND THEREFORE THE MOTION FOR A NEW TRIAL IS

3   DENIED.

4          ANYTHING FURTHER THEN BEFORE THE COURT IMPOSES

5   SENTENCE?

6          MR. BEATTY:  NO, YOUR HONOR.

7          THE COURT:  MR. BRAKER.

8          MR. BRAKER:  NO, YOUR HONOR.

9          THE COURT:  VERY WELL THEN.

10         IT IS THE JUDGMENT OF THIS COURT THEN THAT

11  PROBATION BE DENIED.  WITH RESPECT TO COUNTS ONE AND TWO,

12  THE DEFENDANT WILL BE COMMITTED TO THE CALIFORNIA DEPARTMENT

13  OF CORRECTIONS FOR A PERIOD OF 35 YEARS TO LIFE, CALCULATED

14  AS FOLLOWS: AS TO COUNT TWO, WHICH IS THE PRIMARY TERM, THE

15  COURT IS GOING TO IMPOSE 25 YEARS TO LIFE.

16         WITH RESPECT TO COUNT ONE, THE COURT IS GOING TO

17  IMPOSE 25 YEARS TO LIFE, HOWEVER, IT WILL BE STAYED PURSUANT

18  TO PENAL CODE SECTION 654.

19         IN ADDITION, AS TO COUNT TWO, THE COURT WILL

20  IMPOSE TWO FIVE YEAR TERMS CONSECUTIVE TO ONE ANOTHER AND

21  CONSECUTIVE TO THE 25 YEARS TO LIFE, WHICH THE COURT

22  PREVIOUSLY IMPOSED PURSUANT TO 667(A)/1192.7 FOR A TOTAL

23  TERM OF 35 YEARS TO LIFE.

24         WITH RESPECT TO COUNT -- REMAINING COUNTS THREE

25  AND FOUR, PROBATION WILL BE DENIED.  THE COURT WILL IMPOSE A

26  COUNTY JAIL SENTENCE OF ONE YEAR CONCURRENT WITH THE TIME

27  ALREADY IMPOSED.

28         YOU'RE ENTITLED TO CREDITS.  THE COURT IS GOING TO

12

1  DEEM THE DEFENDANT IS ENTITLED TO 4019 CREDITS AND

2  ACCORDINGLY GIVE THE DEFENDANTS 462 ACTUAL DAYS 230 4019 FOR

3  A TOTAL OF 692 DAYS.

4  IN ADDITION THERETO, THE COURT IS GOING TO ADVISE

5  YOU OF THE SUBSEQUENT FIVE YEAR PERIOD OF PAROLE

6  SUPERVISION, A RESTITUTION FINE OF $200, AN ADDITIONAL

7  RESTITUTION FINE IN AN AMOUNT EQUAL TO THAT IMPOSED, WILL BE

8  IMPOSED AND SUSPENDED PURSUANT TO 1202.45 OF THE PENAL CODE.

9  AND THE COURT WILL FURTHER IMPOSE A $132 CRIMINAL JUSTICE

10  ADMINISTRATION FEE TO THE CITY OF SAN JOSE.

11  ANYTHING FURTHER?

12  MS. BANUELOS: YES, YOUR HONOR.

13  COUNT TWO FALLS WITHIN 290.2 OF THE PENAL CODE

14  REQUIRING THAT THE DEFENDANT SUBMIT TO BLOOD AND SALIVA

15  SAMPLES ONCE HE GETS TO THE DEPARTMENT OF CORRECTIONS.

16  THE COURT:  COURT WILL ORDER THE DEFENDANT SUBMIT

17  TO BLOOD AND SALIVA SAMPLES UPON REQUEST BY THE DEPARTMENT

18  OF CORRECTIONS.

19  MS. BANUELOS:  THANK YOU.

20  THE COURT:  ANYTHING FURTHER?

21  MR. BEATTY:  NO, YOUR HONOR.

22  MR. BRAKER:  NO, THANK YOU.

23  THE COURT:  THANK YOU VERY MUCH.

24  EXCUSE ME, THERE IS ONE ADDITIONAL FACTOR WE NEED

25  TO DO.

26  MR. BARNETT, THE COURT HAVING SENTENCED YOU AT

27  THIS TIME, YOU HAVE A RIGHT TO APPEAL FROM THIS SENTENCE.

28  IF YOU WISH TO APPEAL, YOU HAVE TO FILE A WRITTEN

13

1    NOTICE OF APPEAL WITH THE CLERK OF THIS COURT WITHIN 60 DAYS

2    OF TODAYS DATE.

3              IF YOU APPEAL AND ARE UNABLE TO HIRE AN ATTORNEY,

4    THE APPELLATE COURT WILL APPOINT A LAWYER TO REPRESENT YOU

5    AT NO COST TO YOU WHATSOEVER.

6              YOU ALSO HAVE A RIGHT TO HAVE A FREE TRANSCRIPT

7    AND RECORD OF THE PROCEEDINGS.  AND THE NOTICE MUST BE FILED

8    IN A TIMELY FASHION.

9              ALL RIGHT.  THANK YOU VERY MUCH.

10             STAND IN RECESS.

11             MR. BRAKER:   THANK YOU.

12             MR. BEATTY:   THANK YOU.

13

14             (WHEREUPON, THE PROCEEDINGS WERE ADJOURNED.)

15                       ---oOo---

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      14

STATE OF CALIFORNIA        )
                           )        SS.
COUNTY OF SANTA CLARA      )


        I, JACQUELINE VILLEGAS BARRON, HEREBY CERTIFY:
THAT THE FOREGOING IS A FULL, TRUE AND CORRECT TRANSCRIPT OF
THE TESTIMONY GIVEN AND PROCEEDINGS HAD IN THE
ABOVE-MENTIONED ACTION TAKEN ON AUGUST 4, 1998, THAT IT IS A
FULL, TRUE AND CORRECT TRANSCRIPT OF THE EVIDENCE OFFERED
AND RECEIVED, ACTS AND STATEMENTS OF THE COURT, ALSO ALL
OBJECTIONS OF COUNSEL AND ALL MATTERS TO WHICH THE SAME
RELATE, THAT I REPORTED THE SAME IN STENOTYPE TO THE BEST OF
MY ABILITY BEING THE DULY APPOINTED, QUALIFIED AND ACTING
OFFICIAL STENOGRAPHIC REPORTER OF SAID COURT, AND THEREAFTER
HAD THE SAME TRANSCRIBED INTO TYPEWRITING AS HEREIN APPEARS.
I FURTHER CERTIFY THAT I'VE COMPLIED WITH CODE OF CIVIL
PROCEDURE 237(A)(2) IN THAT ALL PERSONAL JUROR IDENTIFYING
INFORMATION HAS BEEN REDACTED, IF APPLICABLE.

        DATED:  AUG 0 9 1999




        _Jacqueline Villegas Barron_
        JACQUELINE VILLEGAS BARRON
        CERTIFIED SHORTHAND REPORTER, 8049

# CERTIFICATE OF SERVICE

Case Name: _Barnett_ v. _Knowles_

Case No.: _____

**IMPORTANT:** You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the _Habeas Corpus_

(Name of document you are filing (i.e., opening brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed below.

_Michael Barnett_
**Signature**
Notary NOT required

Name                          Address                          Date Served



Mike Bennett † U 7100
California Medical Facility
P.O. Box 2500   G-324

U.S. District Court
Northern District of CALifornia
450 Golden Gate Ave
P.O. Box 36060
San Francisco, Calif 94102

CA MEDICAL FACILITY

FIRST CLASS

UNITED STATES POSTAGE
$ 02.19⁰
02  1M
0004225987  AUG 26  2008
MAILED FROM ZIP CODE 85687

Legal and
Confidential
Mail

c/o Cearmn    D    8/24/08



RECEIVED

Aug 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECYCLED PAPER.
MINIMUM 20% POST-CONSUMER
FIBER CONTENT.
Columbian®—95 Clasp (10 x 12)